1    YURI MIKULKA (State Bar No. 185926)
2    DEBORAH YOON JONES (State Bar No. 178127)
    EVAN W. WOOLLEY (State Bar No. 286385)
3    **ALSTON & BIRD LLP**
    333 South Hope Street, 16th Floor
4    Los Angeles, CA  90071-1410
5    Telephone:  213-576-1000
    E-mail:  yuri.mikulka@alston.com
6           debbie.jones@alston.com
           evan.woolley@alston.com
7
    Attorneys for Plaintiff
8    ACACIA RESEARCH CORP., and
    ACACIA RESEARCH GROUP, LLC
9

10               **UNITED STATES DISTRICT COURT**

11             **CENTRAL DISTRICT OF CALIFORNIA**

12    ACACIA RESEARCH CORP., a Delaware     Case No.:  8:19-cv-1385
    Corporation, and ACACIA RESEARCH
13    GROUP, LLC, a Texas Company,         **COMPLAINT FOR**
14                                **DECLARATORY JUDGMENT**

          Plaintiffs,
15
       v.
16
   SLINGSHOT TECHNOLOGIES, LLC,
17
          Defendant.
18

19

20

21

22

23

24

25

26

27

28

Plaintiffs Acacia Research Corporation ("ARC"), and Acacia Research Group, LLC ("ARG"; Acacia entities collectively "Acacia" or "Plaintiffs") file this Complaint for Declaratory Judgment against Defendant Slingshot Technologies, LLC ("Slingshot"), by and through their counsel, and in support thereof allege and state as follows:

## NATURE AND BASIS OF ACTION

1.      This action arises under 28 U.S.C. § 2201.  Acacia seeks a declaration that they are not liable to Slingshot under any state or federal law in connection with Acacia's acquisition of a portfolio of patents or dealings with Slingshot as discussed below.

## THE PARTIES

2.      Plaintiff Acacia Research Corp. is a corporation formed and existing under the laws of Delaware and having its principal place of business at 120 Newport Center Drive, Suite 100, Newport Beach, California 92660.

3.      Plaintiff Acacia Research Group, LLC is a limited liability company formed and existing under the laws of Texas and having its principal place of business at 6136 Frisco Square Blvd, Suite 400, Frisco, Texas 75034.  ARC is the sole member and owner of ARG.

4.      Upon information and belief, Defendant Slingshot Technologies, LLC is a limited liability company formed and existing under the laws of Delaware and having its principal place of business at 301 S. Fremont Avenue, Suite 600, Baltimore, Maryland 21230.  Upon information and belief, the members of Slingshot are York Eggleston IV (Slingshot's Managing Partner) and A. Keith Machen (Slingshot's General Counsel), and they reside in Maryland.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over Acacia's Claim for Declaratory Relief under 28 U.S. Code § 1332 because the citizenship of Acacia and Slingshot (collectively, the "Parties") is diverse and the amount in controversy,

exclusive of interest and costs, exceeds $75,000.

6.     A substantial controversy of sufficient immediacy and reality exists between the Parties to warrant the issuance of a declaratory judgment, because Slingshot contends Acacia's actions in connection with Acacia's acquisition of a portfolio of patents were unlawful under state or federal law and Slingshot has threatened to file a lawsuit against Acacia concerning such accusations. Acacia denies such accusations and maintain that the acquisition was proper and lawful.

7.     This Court has personal jurisdiction over Slingshot pursuant to California's long arm statute, Cal. Code Civ. Proc. § 410.10, and consistent with the underlying due process principles of the U.S. Constitution. Personal jurisdiction is proper at least because Slingshot has purposefully directed the activities that form the basis for this action towards this judicial district. Specifically, Slingshot has accused ARC, a California-based company, of committing actions in connection with ARG's acquisition of a portfolio of patents that allegedly render them liable to Slingshot under one or more state or federal laws.

8.     Venue is properly within this district pursuant to 28 U.S.C. § 1391(b) at least because a substantial part of the events or omissions giving rise to the claim at issue occurred in this judicial district and involved ARC, a business headquartered in this judicial district; because the property that is the subject of the underlying dispute is owned by a subsidiary of ARC, and because Slingshot is subject to this Court's personal jurisdiction. At all times relevant to this Complaint, Acacia has engaged in the activities that form the basis of Slingshot's accusations in this judicial district.

## BACKGROUND

9.     ARC, headquartered in Newport Beach, California, is a leader in the global patent licensing industry. ARC partners with and provides legal and technological expertise to inventors and patent owners both in the United States and worldwide, in order to assist them in protecting and deriving value from their patents. To date, ARC has generated over $1,500,000,000 in revenue and returned more than $753,000,000 to

1    its patent partners.

2    ## Acacia Acquires Orange Router Portfolio From Transpacific

3    10.    Upon information and belief, Transpacific IP, LLC ("Transpacific") is an

4    intellectual property strategy and advising company based in Asia.

5    11.    ARG and Transpacific signed an Option Agreement in February 2019 that

6    gave Acacia the right to buy a portfolio of patents, the "Orange Router Portfolio," within

7    a certain period.  ARG exercised the option, and Transpacific assigned the patents to

8    ARG on or about April 2, 2019.

9    12.    Upon information and belief, Transpacific was the sole owner of all patents

10   within the Orange Router Portfolio at that time and had the authority to assign all such

11   patents to ARG.

12   ## Slingshot Attempts to Acquire Orange Router Portfolio From Acacia

13   13.    Upon information and belief, Slingshot, headquartered in Baltimore,

14   Maryland, purports to be a patent acquisition, management, and monetization company.

15   14.    On or around April 4, 2019, a Transpacific representative introduced

16   Acacia representative Erik Ahroon to Slingshot representatives York Eggleston IV and

17   Keith Machen and informed Mr. Ahroon that the Slingshot representatives were

18   interested in the Orange Router Portfolio. Mr. Ahroon then participated in a telephone

19   call with the Slingshot representatives who expressed interest in a potential

20   resale/partnering opportunity.

21   15.    On or around April 8, 2019, Mr. Ahroon informed the Slingshot

22   representatives that Acacia was not interested in offering the Orange Router Portfolio

23   for sale.

24   ## Slingshot Accuses Plaintiffs of Wrongdoing

25   16.    On or around May 1, 2019, Mr. Eggleston informed Mr. Ahroon via email

26   that he believed there were potential issues around how Acacia acquired the Orange

27   Router Portfolio and demanded to speak with Acacia's management.

28   17.    On or around June 19, 2019, an ARC representative Clifford Press

COMPLAINT FOR DECLARATORY JUDGMENT

1    participated in a telephone call with Mr. Eggleston, during which Mr. Eggleston accused

2    Acacia representatives of wrongdoing in connection with Acacia's acquisition of

3    the Orange Router Portfolio, as described below.

4        18.    Mr. Eggleston claimed that, on or around September 2018, Slingshot

5    entered into an agreement with Transpacific, pursuant to which Transpacific granted

6    Slingshot an option to purchase the Orange Router Portfolio, on or around before

7    January 31, 2019 at which date Slingshot's option to purchase the Orange Router

8    Portfolio would expire.

9        19.    According to Mr. Eggleston, Slingshot entered into various agreements in

10   connection with its interest in the Orange Router Portfolio.  During the call and

11   subsequently thereafter, Mr. Eggleston accused Acacia and its new management and

12   board members of wrongfully using information obtained from Slingshot in connection

13   with Acacia's acquisition of the Orange Router Portfolio, in violation of tort and/or

14   unfair competition laws.

15       20.    Acacia denies that it engaged in any conduct that would render either of

16   them liable to Slingshot.

17                     **Slingshot Threatens Litigation**

18       21.    Slingshot has since threatened to "tie up" the Orange Router Portfolio by

19   way of litigation against Acacia, and informed Acacia that a draft complaint against

20   Acacia containing the aforementioned accusations had already been prepared.

21       22.    From late May to early July 2019, Acacia and Slingshot corresponded

22   concerning a potential resolution regarding this issue but a resolution was never

23   reached.

24       23.    On July 3, 2019, Mr. Eggleston sent an email to Mr. Press, in which

25   Mr. Eggleston stated that Slingshot was "preparing to assert claims to our rights to this

26   patent portfolio" against Acacia, stating that Acacia's ownership of the Orange Router

27   Portfolio was directly attributable to violations of legal obligations.

28       24.    On July 10, 2019, Mr. Eggleston included counsel Jason Spiro of the law

COMPLAINT FOR DECLARATORY JUDGMENT

1  firm Spiro Harrison on an email to Mr. Press, in which Mr. Eggleston threatened that

2  "time is of the essence" in reaching a potential resolution and that, if Slingshot loses the

3  opportunity, their damages will increase substantially.

4       25.    By accusing Acacia and its representatives of tortious acts in connection

5  with Acacia's acquisition of the Orange Router Portfolio, and other unspecified

6  illegalities and threatening litigation against Acacia, Slingshot has created a substantial

7  controversy which entitles Acacia to a declaratory judgment affirming Acacia's lawful

8  acquisition and ownership of the Orange Router Portfolio.

9  **COUNT I – DECLARATORY JUDGMENT**

10       26.    Acacia repeats, realleges, and incorporates by reference paragraphs 1

11  through 25, inclusive, as if fully set forth in this paragraph.

12       27.    In correspondence with Acacia, Slingshot has accused Plaintiffs of

13  violating one or more contracts or state or federal laws in connection with Acacia's

14  acquisition of the Orange Router Portfolio and has threatened to initiate litigation

15  against Acacia arising from such accusations.

16       28.    As a result of Slingshot's accusations and threats, Acacia has a real and

17  reasonable apprehension that Slingshot may initiate litigation against it asserting claims

18  that may include but are not limited to tortious interference with contractual relations,

19  negligent or intentional interference with prospective economic advantage, violation of

20  California Business and Professional Code § 17200, and/or common law unfair

21  competition claims.

22       29.    Acacia denies that it engaged in any activities that render Acacia liable to

23  Slingshot for any of the causes of action recited above or a violation of any other state

24  or federal law.

25       30.    To resolve the legal and factual questions raised by Acacia and to afford

26  Acacia relief from the uncertainty and controversy which Slingshot's accusations have

27  precipitated, Acacia is entitled to a declaratory judgment affirming Acacia's lawful

28  acquisition and ownership of the Orange Router Portfolio.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **PRAYER FOR RELIEF**

WHEREFORE, Acacia respectfully requests entry of judgment in its favor and against Slingshot as follows:

a.    Declaring that Acacia lawfully acquired the Orange Router Portfolio;

b.    Declaring that Acacia lawfully owns the Orange Router Portfolio; and

c.    Enjoining Slingshot and those in privity with Slingshot from initiating litigation against Acacia, or Acacia's representatives, agents, subsidiaries, licensees, vendors, and customers arising from or related to Acacia's acquisition of the Orange Router Portfolio;

d.    All other costs and fees awardable by law; and

e.    Awarding Acacia such other relief as is just and proper.


DATED:  July 15, 2019              YURI MIKULKA
                                   DEBORAH YOON JONES
                                   EVAN W. WOOLLEY
                                   **ALSTON & BIRD LLP**


                                   _____
                                        */s/  Yuri Mikulka*
                                        Yuri Mikulka
                                   Attorneys for ACACIA RESEARCH CORP., and
                                   ACACIA RESEARCH GROUP, LLC

COMPLAINT FOR DECLARATORY JUDGMENT